# United States District Court, Northern District of Illinois

**ORIGINAL**

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8542 | **DATE** | 11/27/2002 |
| **CASE TITLE** | RKI, Inc vs. Grimes, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court grants Roll-Kraft's petition for attorney's fees[68-1] and supplemental petition for attorney's fees [103-1] in the amount of $286,500.00. The Clerk shall enter judgment in favor of Plaintiff RKI, Inc. d/b/a Roll-Kraft and against Defendant Chicago Roll Co., Inc. in the amount of $274,956.72 for attorney fees and court costs.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC - 2 2002 date docketed | |
| | Docketing to mail notices. | | | 111 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 11/27/2002 date mailed notice | |
| DK | courtroom deputy's initials | 02 NOV 27 PM 5:10 | DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



(Reserved for use by the Court)

# ORDER

Plaintiff RKI, Inc. has filed an Amended Bill of Costs seeking costs in the amount of $10,010.10. Defendant Chicago Roll has filed objections thereto. Plaintiff seeks fees of the Clerk in the amount of $180.00. The Court agrees with the Defendant that this amount should be reduced to $150.00. RKI seeks $663.50 for fees for service of summons and subpoena. The Court deducts $180.00 related to the service of a temporary restraining order and approves $483.50. RKI seeks $6,616.35 for court reporter and transcript fees. These fees are limited to $3.00 per page. By reason of the charges in a greater amount and other lack of supporting detail, the Court approves only $4,500.00 in this category. RKI seeks $96.25 for witness fees for George Tracy. The Court approves this request. RKI seeks $2,454.00 in copying fees. The Court reduces this by 50% due to insufficient supporting documentation to an amount of $1,227.00. Accordingly, Plaintiffs are awarded court costs in the total amount of $6,456.75.

_____
MORTON DENLOW
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| RKI, INC., d/b/a ROLL-KRAFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 01 C 8542 |
| v. ) | |
| ) | Magistrate Judge Morton Denlow |
| STEVEN GRIMES and CHICAGO ) | |
| ROLL CO., INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

RKI, Inc., d/b/a Roll-Kraft ("Roll-Kraft") sued Steven Grimes ("Grimes") and Chicago Roll Co., Inc., ("Chicago Roll") (collectively "Defendants") asserting five causes of action: (1) violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 et seq.; 2) conversion; 3) breach of the duty of loyalty owed by an employee; 4) breach of the non-disclosure and non-solicitation covenants; and 5) tortious interference with contract. Count 1 was directed against Grimes and Chicago Roll; Counts 2, 3 and 4 were directed against Grimes and Count 5 was directed against Chicago Roll.

Following a bench trial, this Court entered judgment in favor of Roll-Kraft and against Defendants on all five counts. *RKI, Inc. v. Grimes*, 177 F.Supp.2d 859 (N.D. Ill. 2001). This Court held Roll-Kraft was entitled to recover attorney's fees. *Id.* at 880. Thereafter, Defendants filed a motion for new trial or to alter or amend judgment which was also denied. *RKI, Inc. v. Grimes*, 200 F.Supp.2d 916 (N.D. Ill. 2002). To the extent there is any question, the Court finds that the Defendants engaged in a willful and malicious misappropriation of

Roll-Kraft's trade secrets. 765 ILCS 1065/5. Roll-Kraft now seeks to recover a total of $288,359.43 for attorney's fees ($281,373.00)[1] and computerized research ($6,986.43) against Chicago Roll.[2]

## 1. REASONABLE ATTORNEY'S FEES

Roll-Kraft bears the burden of proving the reasonableness of its attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The process of determining a proper fee award begins with a calculation of the "lodestar" - - the number obtained by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Eddleman v. Switchcraft, Inc.*, 965 F.2d 422, 424 (7th Cir. 1992). The Court may then reduce or augment the lodestar based on a variety of factors: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the circumstances; (8) the amount involved and the results obtained; and (9) the experience, reputation, and ability of the attorneys. *Hensley*, 461 U.S. at 441. Finally, the degree of a party's overall success is critical in determining the reasonableness of a fee award. *Farrar v. Hobby*, 506

---

[1] Included in the petition for fees is $5,904 for attorney's fees rendered by the Cleveland, Ohio firm of Duvin, Cahn & Hutton to compel George Tracy to testify by deposition. The Court finds these fees to be reasonable in light of the importance of Tracy's deposition.

[2] Defendant Grimes filed a proceeding under Chapter 13 of the Bankruptcy Code on February 5, 2002. *In re Grimes*, No. 02 B 4544 (Bankr. N.D. Ill.) Which is still pending and creates an automatic stay. 11 U.S.C. § 362.

U.S. 103, 114 (1992). The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case. *Bankston v. State of Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)

## A. Hourly Rate

The first step in calculating the lodestar is to determine a reasonable hourly rate. Reasonable hourly rates are determined by the prevailing market rates in the relevant community. *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). "The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Bankston v. State of Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995). The Court has reviewed the affidavits of Roll-Kraft's counsel and finds that the hourly rates for the partners ranging from $265 - $290 per hour, the associates ranging from $135 - $220 per hour, and paralegal and docket clerk rates are reasonable. Chicago Roll does not object to the hourly rates charged.

## B. Reasonableness of the Hours Worked

Roll-Kraft seeks $234,442.50 for its work on the merits of the case, $43,996.00 for services in connection with its fee petitions, $2,934.50 for fees incurred relating to settlement discussions and $6,986.43 for computerized research for a total of $288,359.43. Roll-Kraft has excluded from its request $39,898.50 in time which was expended on claims other than the Illinois Trade Secrets Act claims, $3,120.00 in fee write-off that were not billed to Roll-Kraft, and $3,143.50 on time spent in connection with the Grimes bankruptcy proceeding.

Chicago Roll contends that the time records are inadequate because they do not adequately detail the amount of time spent on each activity on each day and contain vague and unclear descriptions. Quite the contrary. The time records are comprehensive and reasonably inform the Court of the activities performed. The Court finds the time records adequately document the services performed. While the time spent on different tasks is not separated, the descriptions are comprehensive and are sufficient to enable the Court to determine their reasonableness and to enable Chicago Roll to object to specific types of work they believe to be unreasonable.

This Court recognizes that Roll-Kraft is only entitled to compensation for the time spent in furtherance of the specific action for which fees are allowed. Where, as here, Roll-Kraft is successful on one or more claims all based on a common core of facts counsel can collect fees for the litigation directed against defendant Chicago Roll. *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992); *Becovic v. City of Chicago*, 694 N.E.2d 1044, 1048 (Ill. App. 1st Dist. 1998) (applying Illinois law). Roll-Kraft has excluded the time devoted to claims other than the trade secret claim. The Court finds the exclusion to be proper. The Court rejects Chicago Roll's argument that the fees should be divided by five because there were five counts involved.

Chicago Roll further objects that there was duplication of effort. Roll-Kraft staffed this case with two experienced partners because it proceeded on an expedited basis. This Court finds the staffing was appropriate given the extensive amount of work required in the short time allowed. There may have been some slight duplication and in the exercise of

discretion the Court reduces the fees on the merits from $234,442.50 to $225,000. In addition, the Court exercises its discretion to reduce the amount of fees on the fee petition and settlement from $46,931 to $40,000. The Court also reduces the computerized legal research charges from $6,986.43 to $3,500 because of confusion surrounding the charges. *In the Matter of Continental Illinois Securities Litigation*, 962 F.2d 556, 570 (7th Cir. 1992) (computerized research costs are recoverable).

### C. The Results Obtained

Roll-Kraft won on all counts. Chicago Roll lost on the two counts directed at it. Roll-Kraft obtained substantial relief in this hard fought litigation. A fee award of $268,500 is reasonable. *Tuf Racing Products, Inc. v. American Suzuki Motorcorp*, 223 F.3d 585 (7th Cir. 2000) (affirms $391,000 fee award where jury awards $137,000 in damages). By separate minute order the Court awards court costs in the amount of $6,456.75.

## II. CONCLUSION

Roll-Kraft's counsel did an excellent job in prosecuting this case. They conducted themselves in a professional manner, demonstrated great skill and achieved an excellent result for their client in a difficult case. **Accordingly, the Court grants Roll-Kraft's petition for attorney's fees and supplemental petition for attorney's fees in the amount of $268,500. The Clerk shall enter judgment in favor of Plaintiff RKI, Inc. d/b/a Roll-Kraft and against Defendant Chicago Roll Co., Inc. in the amount of $274,956.75 for attorney's fees and court costs.**

5

SO ORDERED THIS 27th DAY OF NOVEMBER, 2002.

_Morton Denlow_
**MORTON DENLOW**
**United States Magistrate Judge**

**Copies mailed to:**

Michael J. Ranallo
Mark L. Shapiro
Holland & Knight, LLC
55 West Monroe St.
Suite 800
Chicago, IL 60603
Counsel for Plaintiff RKI, Inc.

Daniel M. Purdom
Nancy G. Lischer
Timothy G. Shelton
Hinshaw & Culbertson
4343 Commerce Court
Suite 415
Lisle, IL 60532-1099
Counsel for Chicago Roll Co., Inc.

Steven H. Jesmer
790 Frontage Road
Suite 110
Northfield, IL 60093
Counsel for Steven Grimes